**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**U.S. BANK TRUST, N.A.,** as
trustee for LSF8 Master
Participation Trust**,**

                **Plaintiff,**

                   v.

**ARTHUR TABASCO et al.,**

                **Defendants.**
_____

**1:15-cv-410
(GLS/DJS)**

## **SUMMARY ORDER**

Defendants Arthur and Christina Tabasco are the owners of real property located at 629 South Road, Milton, New York 12547 (hereinafter "the property"), which is subject to foreclosure. (Pl.'s Statement of Material Facts (SMF) ¶ 2, Dkt. No. 55.) On August 20, 2007, defendants executed and delivered a note in the principal sum of $204,743.98 and secured its repayment with a mortgage on the property. (*Id.* ¶ 3.) On July 24, 2013, defendants stopped making payments due in accordance with the note and mortgage. (*Id.* ¶ 5.)

Plaintiff U.S. Bank Trust, N.A. (hereinafter "trustee") is the trustee for LSF8 Master Participation Trust (hereinafter "the trust"). (*Id.* ¶ 1.) On

March 21, 2014, trustee came into physical possession of the promissory note associated with the mortgage on the property. (*Id.* ¶ 6.)[1] On June 6, 2014, ninety day pre-foreclosure notices were sent to defendants pursuant to New York's Real Property Actions and Proceedings Law § 1304. (*Id.* ¶ 7.) On August 7, 2014, although not required, a notice of default was sent to defendants. (*Id.* ¶¶ 8-9.) Defendants admit that, as of June 16, 2016, they owed $312,954.33 but deny that such sum is owed to trustee. (*Compare* Pl.'s SMF ¶ 12, *with* Dkt. No. 57, Attach. 13 at 3.)

On April 6, 2015, trustee filed this mortgage foreclosure action. (Compl., Dkt. No. 1.) Pending is trustee's motion for summary judgment

---

[1] Defendants argue that there is a question of fact regarding when trustee came into physical possession of the promissory note. (Dkt. No. 57, Attach. 13 at 2 (citing Attachs. 5, 8).) They rely on a statement made by an attorney who has since been removed from this action, (Dkt. No. 29), in trustee's supplemental response to defendants' first set of interrogatories, that a recorded assignment of the mortgage from Beneficial Homeowner Service Corporation to the trust in September 2014, (Dkt. No. 51, Attach. 3 at 20-22), resulted in trustee taking possession of the note, (Dkt. No. 57, Attach. 8 at 2 ¶ 3). First, defendants' response fails to satisfy Fed. R. Civ. P. 56(c)(4), which requires that "[a]n affidavit or declaration used to . . . oppose a motion . . . be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Unlike the initial response to defendants' first set of interrogatories, which stated that trustee came into possession of the note on March 21, 2014 and was accompanied by a verification from an officer of the loan servicer, (Dkt. No. 57, Attach. 7 at 5, 10), there is no indication that the attorney making the statement within the supplemental response had personal knowledge or was competent to testify on the matter at trial. As such, the supplemental response is insufficient to controvert trustee's factual assertion regarding when it first possessed the note. *See Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 677 n.4 (2d Cir. 2016) (noting interrogatory answers must comply with Fed. R. Civ. P. 56(c)(4) in order to be considered in opposition to summary judgment). Additionally, the supplemental response overlooks a legal principle long recognized by New York law, "the lien follows the debt, but the debt does not follow the lien." *In re Escobar*, 457 B.R. 229, 239-42 (E.D.N.Y. 2011). Moreover, any factual discrepancy generated by this response from trustee's former counsel is immaterial because defendants fail to explain how it specifically controverts trustee's properly-supported assertion that it came into physical possession of the note six months earlier, (Pl.'s SMF ¶ 6), or how possession of the note in September 2014 would result in a loss of standing, given trustee's properly-supported assertion that it remained in physical possession of the note, (*id.* ¶ 10).

2

and for appointment of a referee, (Dkt. Nos. 50, 52 at 13), as well as its letter motion seeking leave to supplement its summary judgment motion, (Dkt. No. 60).

The standard of review pursuant to Rule 56 of the Federal Rules of Civil Procedure is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

Although neither party specifically addresses the issue, the choice of law provisions in defendants' original loan agreement, unchanged by a subsequent modification, are governed by New York law. (Dkt. No. 51, Attach. 3 at 9, 23-26.) "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the Court along with proof that the mortgagor has failed to make payments due under the note." *U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10 CV 5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011) (collecting cases). "Once plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an

3

affirmative showing by the mortgagor." *Id.* (internal citation omitted).

Here, trustee has established its *prima facie* entitlement to summary judgment by submitting the note, mortgage, and proof of default. (Dkt. No. 51, Attachs. 1, 3, 5.) However, in defendants' meandering and murky response, they primarily argue that "[trustee] lacks standing because it has not established [1] [that] it is the owner of both the mortgage and the note[,] . . . [2] that the mortgage and note have been properly assigned to it[,] and [3] [that] the assignments therein [have been] properly recorded." (Dkt. No. 57, Attach. 12 at 1.)[2]

> Where defendants raise the issue of standing, as here,
>
> plaintiff b[ears] the additional burden of demonstrating that, at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note. Either a written assignment of the underlying note or **the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation.** That said, the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law.

*Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 987 (3d Dep't 2016) (emphasis added) (internal quotation marks and citations omitted); *see*

---

[2] Throughout their memorandum of law, defendants rely on a litany of factual assertions that they have not set forth in a separate statement of material facts or followed with "a specific citation to the record where the fact is established." N.D.N.Y. L.R. 7.1(a)(3). Accordingly, their unsupported assertions are not considered.

4

*Aurora Loan Servs., LLC v Taylor*, 25 N.Y.3d 355, 361-62 (2015) (finding uncontroverted affidavit demonstrating a plaintiff's possession of a note prior to commencement of a foreclosure action sufficient to establish standing because a mortgage passes incident to the note).

To demonstrate standing, trustee provides the affidavit of Jennifer Scott, the authorized signatory of trustee's loan servicing agent. (Dkt. No. 51, Attach. 1 ¶ 1.) The contents of Scott's affidavit are based on her familiarity with the loan servicer's record-keeping practices and knowledge derived from "examining the business records relating to the subject mortgage loan." (*Id.* ¶ 2.) She attests that trustee "had possession of the [note] on March 21, 2014," "was in possession of the [note] prior to April 6, 2015," and "is in possession of the [note]," which "was indorsed in blank." (*Id.* ¶ 4.) Scott also attests that defendants failed to make payments due under the mortgage, (*id.* ¶ 6), which defendants do not contest, (Dkt. No. 57, Attach. 13 ¶ 5). Despite defendants' disjointed arguments attacking Scott's affidavit, (Dkt. No. 57, Attach. 12 at 5-8), the affidavit clearly satisfies the requirements of Fed. R. Civ. P. 56(c)(4) because it is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that Scott is competent to testify on the matters stated therein.

5

The affidavit supports trustee's factual assertion that it was in possession of the note prior to the April 6, 2015 commencement of this foreclosure action. *See Taylor*, 25 N.Y.3d at 361; *see also Wells Fargo Bank, NA v. Ostiguy*, 127 A.D.3d 1375, 1376 (3d Dep't 2015) ("Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff.").

Ultimately, defendants fail to raise a triable issue of fact with respect to trustee's standing. *See Taylor*, 25 N.Y.3d at 360-63; *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) ("The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts [] or defeat the motion through mere speculation or conjecture.") (internal quotation marks and citations omitted). Instead, defendants make a host of undeveloped assertions and fail to connect those assertions to cogent legal theories or explain how they provide grounds to deny trustee's motion.[3]

---

[3] Some portions of defendants' "arguments" merit discussion. First, defendants wholly fail to develop their central argument that trustee did not properly record their assignment. (Dkt. No. 57, Attach. 12 at 1.) In any event, the relevancy of this assertion is unclear given that "an assignment of a note and

Accordingly, it is hereby

**ORDERED** that trustee's motion for summary judgment and appointment of a referee pursuant to RPAPL § 1321 and Fed. R. Civ. P. 53 (Dkt. Nos. 50, 52 at 13) is **GRANTED**; and it is further

**ORDERED** that within fourteen (14) days trustee shall file a proposed order of reference and a list of up to three proposed referees so that the court may appoint a referee to effectuate a sale of the property and to disburse the funds from such sale; and it is further

---

mortgage need not be in writing and can be effectuated by physical delivery." *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 280 (2d Dep't 2011) (citing *LaSalle Bank Nat'l Ass'n v. Ahearn*, 59 A.D.3d 911, 912 (3d Dep't 2009)). Next, they argue that Scott's affidavit is insufficient to establish trustee's standing because it (1) is based on books and records that were not produced to the court; (2) states that trustee was in possession of the note *prior to* commencement of this action as opposed to *on* the date of commencement; (3) contradicts trustee's supplemental interrogatory response, (Dkt. No. 57, Attach. 12 at 5-6); and (4) is authored by an employee of the loan servicer whose only connection with trustee is via a defective power of attorney, (*id.* at 7-8). Defendants provide no legal authority to demonstrate that these assertions would foreclose summary judgment. As discussed above, it is clear that Scott's affidavit satisfies Fed. R. Civ. P. 56(c)(4) and is not specifically controverted by defendants. Another example of defendants' obtuse behavior is their assertion that the note that they received during discovery, (Dkt. No. 57, Attach. 1), is different from the note attached to trustee's notice of motion, (Dkt. No. 51, Attach. 3), which they allege contains two additional pages, a blank allonge, and undated endorsements, (Dkt. No. 57, Attach. 12 at 5). Defendants are correct that the note attached to trustee's motion contains two additional allonges. (Dkt. No. 51, Attach. 3 at 12-13.) However, trustee's initial response to defendants' first set of interrogatories purportedly attached the note and clearly stated that the note had three allonges. (Dkt. No. 57, Attach. 7 at 4.) At that time, defendants did not raise any objection. Moreover, the note attached to trustee's motion is accompanied by a certification signed by defendants, who swore that they "compared the attached [note] with the original and found it to be a true and complete copy." (Dkt. No. 51, Attach. 3 at 14.) Setting aside the dubiousness of defendants' contentions, they again fail to explain why summary judgment is foreclosed. Likewise, even assuming the truthfulness of defendants' additional assertions that all the documentation they have received is from an entity other than trustee, (Dkt. No. 57, Attach. 12 at 5), and the loan is now serviced by a different entity, (*id.* at 7-8), they utterly fail to explain how this forecloses summary judgment. Throughout their motion papers, defendants do not cite to a single authority to support any of the disconnected assertions described above. In fact, throughout the entire analysis section of their motion papers, defendants cite no more than two cases, which stand for the proposition that a plaintiff must have standing in order to bring a foreclosure action. (*Id.* at 6.)

**ORDERED** that trustee's motion to file a supplemental summary judgment motion (Dkt. No. 60) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

December 11, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge